UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN ANDREW FLORES, <br><br> Plaintiff, <br><br> -against- <br><br> UNITED STATES OF AMERICA; GERARD TRAVERS; HEALTH SERVICES ADMINISTRATION; HERIBERTO TELLEZ, WARDEN FOR MDC BROOKLYN, <br><br> Defendants. | 24-CV-6123 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is incarcerated in the Hudson County Correction Center in Kearny, New Jersey, brings this *pro se* action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that he was denied medical treatment during his detention in the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Named as Defendants are the United States of America; Gerard Travers; the Health Services Administration; and Heriberto Tellez, the Warden for MDC Brooklyn. Plaintiff provides Brooklyn addresses for the individual Defendants. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a *Bivens* action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Because Plaintiff alleges that at least two of the defendants do not reside within this judicial district,[1] this court is not a proper venue for this action under Section 1391(b)(1). Plaintiff's claims arise from events allegedly occurring in MDC Brooklyn, in Kings County, New York, which lies within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Thus, the United States District Court for the Eastern District of New York is a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

---

[1] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York;(2) Bronx; (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

(setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred at MDC Brooklyn, where most Defendants appear to reside, and it is reasonable to expect that all relevant documents and witnesses also would be located in Brooklyn. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 16, 2024
       New York, New York

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge